# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO PEREZ,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>FOSTER POULTRY FARMS, et al,<br><br>　　　　　　　Defendants. | Case: 1:22-CV-691-JLT-SAB<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br>(Doc. 6) |

## I.　　INTRODUCTION

This matter is before the Court on Ricardo Perez's motion to remand. (Doc. 6.) Pursuant to 28 U.S.C. §1441(a), Foster Poultry Farms removed Plaintiff's disparate treatment, discrimination, and wrongful termination suit from state court to this Court on the grounds of federal question jurisdiction, arguing § 301 of the Labor Management Relations Act (Section 301), 28 U.S.C. § 185, preempts Plaintiff's claims. (Doc. 1.) For reasons set forth below, the Court **GRANTS** the motion and remands this case to the Merced County Superior Court.

## II.　　BACKGROUND

Plaintiff's Complaint asserted twelve causes of action: (1) discrimination in violation of California's Fair Employment and Housing Act (FEHA), Cal. Gov't Code § 12940, (2) hostile work

1

environment in violation of FEHA, (3) retaliation in violation of FEHA, (4) failure to provide reasonable accommodation in violation of FEHA, (5) failure to engage in interactive process in violation of FEHA, (6) failure to prevent discrimination, harassment, or retaliation in violation of FEHA, (7) negligent hiring, supervision, and retention, (8) wrongful termination of employment in violation of public policy, (9) whistleblower retaliation in violation of California Labor Code section 1102.5, (10) waiting time penalties in violation of California Labor Code section 203, (11) failure to provide accurate wage statements in violation of Labor Code section 226, and (12) intentional infliction of emotional distress. (Doc. 1-1.)

### III.   STANDARDS OF DECISION

A defendant may remove a state court case to federal court if the case is within the federal court's original subject matter jurisdiction.  28 U.S.C. § 1441(a); *see also Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011) ("A federal court has jurisdiction over a civil case initiated in state court and removed by the defendant to federal district court if the case originally could have been brought in federal court.").  Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice.  *Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006).

A state court action is within the Court's original subject matter jurisdiction if either plaintiff and defendant are diverse in citizenship and the amount in controversy exceeds $75,000 (diversity jurisdiction); or the state court action presents a federal question (federal question jurisdiction).  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction is not at issue here, so federal question jurisdiction is required for removal to be proper.

The Court has federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Therefore, plaintiff's complaint must establish "either that (1) federal law creates the cause of action or that (2) plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An*

*Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008); *see also Barefield v. HSBC Holdings PLC*, No. 1:18-cv-00527-LJO-JLT, 2018 WL 3702307, at *4 (E.D. Cal. 2018). Under the "artful-pleading doctrine," an exception to the well-pleaded complaint rule, "a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 22, (1983). A federal statute's preemptive force can be "so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Cnty. of San Mateo v. Chevron Corp*., 32 F.4th 733, 748 (9th Cir. 2022).

A motion to remand is the proper procedure for challenging removal. A plaintiff may move to remand a case to the state court from which it was removed if the district court lacks jurisdiction or if there is a defect in the removal procedure. 28 U.S.C. § 1447(c)("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). The Court may remand *sua sponte* or on motion of a party. The party who invoked the federal court's removal jurisdiction has the burden of establishing federal jurisdiction. *See Enrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988) (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921)); *see also Yu v. ByteDance Inc.*, No. 23-cv-03503-SI, 2023 WL 5671932, at *3 (N.D. Cal. 2023). The Ninth Circuit has consistently held that the removal statute "is strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Taylor-El v. Cisneros*, 2023 WL 4994559, at *2 (E.D. Cal., 2023).

### IV.  DISCUSSION

**A.     Section 301 Preemption Standards**

Defendant maintains removal was proper because Plaintiff's claims are preempted by Section 301. (Doc. 1.) Plaintiff argues that the Court lacks subject matter jurisdiction because the causes of action are not preempted by § 301 and therefore there is no federal question presented and the case must be remanded. (*See generally* Doc. 6.) Plaintiff explains that the causes of action, FEHA violations and various other claims, are not subject to Section 301 preemption because the actions do not require interpretation of the CBA. (*Id.*) In opposition, Defendant maintains that the Court has federal question

3

jurisdiction because, even though all the claims arise facially under only state law, each of Plaintiff' claims are "intertwined" and "substantively dependent on CBA analysis," therefore, completely preempted by Section 301.[1]  (Doc. 9 at 6.)  In reply, Plaintiff reiterates that the Court lacks subject matter jurisdiction because defendants have "made absolutely no attempt to explain how any terms require the interpretation of the CBA, as opposed to merely being considered, referred to, or applied." (Doc. 11 at 2.)

Section 301 grants district courts federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization. . ." 29 U.S.C. § 185(a).  Section 301 also completely preempts any state law claims based on alleged violations of contracts between employers and labor organizations.  *Ramirez v. Fox Television Station, Inc.*, 998 F.2d 743, 747 (9th Cir. 1993).  State law claims "that are completely preempted are removable to federal court under the complete preemption corollary to the well-pleaded complaint rule."  *Caterpillar*, 482 U.S. at 392–93.  "This doctrine allows state law claims to be removed to federal court, even where a federal question does not appear on the face of the complaint."  *Id.* at 392.  "[O]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law."  *Id.*; *see* 28 U.S.C. § 1331.

Although "the pre-emptive force of § 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization," the Supreme Court has stressed that "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law."  *Caterpillar*, 482 U.S. at 394.  Section 301 preempts only "claims founded directly on rights created by collective-bargaining agreements," and claims "substantially dependent on analysis of a collective-bargaining agreement."  *Id.*

The Ninth Circuit has established a two-part test to determine whether a state law claim is preempted by Section 301.  *Columbia Exp. Terminal, LLC. v. Int'l Longshore and Warehouse Union*, 23 F.4th 836, 842 (9th Cir. 2022); *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007).  First, courts must inquire "whether the asserted cause of action involves a right conferred upon an employee

---

[1] Defendant correctly explains that under the "artful pleading doctrine," a plaintiff cannot avoid federal question jurisdiction simply by pleading a claim that can only be made under federal law as a state law claim.  (Doc. 1 at 5.)

by virtue of state law, not by a CBA." *Id.* at 1059. "If the right exists solely as a result of the CBA, then the claim is preempted." *Id.*; *Columbia Exp. Terminal*, 23 F.4th at 842 (The first step asks: "Does the claim seek purely to vindicate a right or duty created by the CBA itself?"). If the answer is "yes," then the claim is preempted. But if not, courts must "proceed to the second step and ask whether [the state law] right is substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (quoting *Caterpillar*, 482 U.S. at 394). A state law right is "substantially dependent on the analysis of the CBA" if "the claim cannot be resolved" without interpreting the CBA versus "simply looking to the CBA." *Columbia Export Terminal*, 23 F.4th at 842. Claims that require the interpretation of a CBA are preempted. *See Dent v. Nat'l Football League* 903 F.3d 1109, 1116 (9th Cir. 2018); *McCray v. Marriott Hotel Servs., Inc.*, 902 F.3d 1005, 1010 (9th Cir. 2018). From this test, "state law causes of action are preempted if they are either based upon the collective bargaining agreement or dependent upon an interpretation of the agreement." *Ramirez,* 998 F.2d at 748; *see McCray,* 902 F.3d at 1010; *Cramer v. Consol. Freightways, Inc*., 255 F.3d 683, 691 (9th Cir. 2001).

Under the second step, "interpretation" is construed narrowly. *Dent*, 902 F.3d at 1116. "If there is only a hypothetical connection to a collective bargaining agreement and a state law claim, or if a collective bargaining agreement will only be considered, referred to, or simply applied, then the collective bargaining agreement will not be 'interpreted.'" *Id.* (internal citations omitted); *see also Lehr v. Sierra Ambulance Serv.*, No. 1:18-CV-831 AWI BAM, 2018 WL 6445687, at *3 (E.D. Cal. 2018). "[T]he need to interpret the [collective bargaining agreement] must inhere in the nature of the plaintiff's claim." *Id.* (external citations omitted.) "[R]esolution of a plaintiff's claim must require interpretation of a provision of a collective bargaining agreement, it is not enough that a [CBA] is potentially relevant to the state law claims without any guarantee that interpretation or direct reliance will actually occur." *Dent*, 902 F.3d at 1116–17. Purely factual questions that pertain to the conduct of the employee and the conduct and motivation of the employer will not require an interpretation of a collective bargaining agreement. *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 407 (1988); *Milne Emps. Ass'n v. Sun Carriers, Inc*., 960 F.2d 1401, 1408 (9th Cir. 1992); *see also Dent*, 903 F.3d at 1017. Similarly, "when the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted [during] state-law litigation. . . does not require the claim to be

5

1 extinguished." *Cramer*, 255 F.3d at 689.

2 **B.     Plaintiff's FEHA and related whistleblower retaliation claims are not preempted.**

3       The first six of Plaintiff's twelve causes of action arise under FEHA; the ninth raises a related whistleblower retaliation claim that alleges Plaintiff was retaliated against for complaining about FEHA violations. (Doc. 1-1, ¶¶ 21–66, 76–82.) The Ninth Circuit has "a long line" of cases "holding that FEHA employment discrimination claims are not *ipso facto* preempted by § 301 of the LMRA." *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1203–04 (9th Cir. 2007) (cases therein); *see also Brown v. Brotman Med. Ctr.*, 571 F. App'x 572, 574–75 (9th Cir. 2014). The Ninth Circuit has also "consistently held that state law discrimination claims under the FEHA do not require courts to interpret the terms of a CBA and are therefore not preempted by § 301." *Schrader v. Noll Mfg. Co.*, 91 Fed. App'x. 553, 555 (9th Cir. 2004); *Ackerman v. W. Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir. 1988) (finding no Section 301 preemption of FEHA disability discrimination claim because the right not to be discriminated against because of physical handicap is "defined and enforced under state law without reference to the terms of any collective bargaining agreement"); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286–87 (9th Cir. 1989); *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 240 (9th Cir. 1990); *Ramirez*, 998 F.2d at 748–49 ("In every case in which we have considered an action brought under [FEHA], we have held that it is not preempted by section 301."). FEHA creates "nonnegotiable state law rights which cannot be altered by contract, including by CBAs." *Id.* (quoting *Ramirez*, 998 F.2d at 748); *see also Chmiel*, 873 F.2d at 1286 (holding FEHA rights are "defined and enforced under state law without reference to the terms of any collective bargaining agreement"); *Cook*, 911 F.2d at 240 ("[The employee's] state-law claim is consequently independent of the agreement. That [he] might also have separate remedies under the bargaining agreement makes no difference."); *Humble v. Boeing Co.*, 305 F.3d 1004, 1009 (9th Cir. 2002) ("As the Supreme Court explained in *Lingle*, just because a CBA provides a remedy or duty related to a situation that is *also* directly regulated by non-negotiable state law does not mean the employee is limited to a claim based on the CBA.").

       Plaintiff's FEHA claims do not require an interpretation of any CBA provision. Instead, the FEHA analysis "will turn on whether [Plaintiff] was subjected to race discrimination, whether Defendant ignored his complaints and failed to prevent it, and whether [Plaintiff] was discriminated and

retaliated against for reporting the discrimination and harassment." *Steib v. Sony Pictures Television Inc.*, No. 2:22-cv-07491-ODW (ASx), 2023 WL 3292865, at *4 (C.D. Cal. 2023); *see Hendrix v. KTLA, LLC*, No. CV 20-3520 DMG (PJWx), 2021 WL 3051979, at *4 (C.D. Cal. 2021) (finding FEHA claims not preempted where the analysis turned on whether the plaintiff was subjected to discrimination and retaliation and whether the defendants ignored his complaints). Plaintiff alleges here that Defendant discriminated against him based on his disability, race, national origin, color, ethnicity and/or ancestry when they terminated his employment and failed to accommodate him. (Doc. 1-1, ¶¶ 21–66.) These claims require a factual inquiry into Defendant's motives. "Purely factual questions that pertain to the conduct of the employee and the conduct and motivation of the employer will not require an interpretation of a collective bargaining agreement." *Lingle*, 486 U.S. at 407; *see Detabali*, 482 F.3d at 1203 (finding no Section 301 preemption in FEHA discriminatory termination claim "because there is no dispute over the meaning of any terms within the agreement"); *Robles v. Gillig LLC*, 771 F. Supp. 2d 1181, 1184 (N.D. Cal. 2011) ("The key to resolving Plaintiff's claims will be Defendant's motivation in terminating Plaintiff's employment, i.e. whether Defendant terminated him because of his disability. This purely factual determination does not require a court to interpret the 'just cause' provision of the CBA."). There does not appear to be anything about Plaintiff's FEHA claims that would take them outside of this long line. Therefore, Plaintiff's FEHA claims are not preempted under Section 301.

Relatedly, Plaintiff's whistleblower retaliation claim[2] arising under California Labor Code section 1102.5 (Doc. 1-1, ¶¶ 76–82) is not preempted. *See Ackerman v. W. Elec. Co., Inc.*, 860 F.2d 1514, 1517 (9th Cir. 1988); *see also Lingle,* 486 U.S. at 409–10 (finding a state law claim for "retaliatory discharge" was not preempted "even though the same set of facts led to arbitration under the collective bargaining agreement."). The critical fact in *Lingle* was that "the state law factual inquiry did not turn on the meaning of any provision of the collective bargaining agreement." *Little v. P. Gas and Elec. Co.*, No. 22-cv-00300-TSH, 2022 WL 612668, at *3 (N.D. Cal. 2022). Such allegations require

---

[2] "Plaintiff's seeking to exercise rights guaranteed under FEHA and/or opposing defendants' failure to provide such rights, including the right to be free of discrimination, harassment, and retaliation in violation of Government Code section 12940(h), were substantial motivating reasons for defendants' decision to terminate plaintiff's employment, not to retain, hire, or otherwise employ plaintiff in any position, and/or to take other adverse employment actions against plaintiff." (Doc 1-1, ¶ 38.)

inquiry into Defendant's conduct and application of Defendant's procedures—not the CBA itself. *See Brown v. Brotman Med. Ctr. Inc.*, 571 Fed. App'x. 572, 575 (9th Cir. 2014) ("The elements of [retaliation] claim require an inquiry into the respective actions of the employer and the employee . . . This inquiry will not depend on interpretation of terms in the CBA.").

To succeed on his whistleblower retaliation claim, Plaintiff must show (1) that he "opposed practices forbidden [under FEHA]; (2) retaliatory animus on the part of the employer; (3) an adverse action by the employer; (4) a causal link between the retaliatory animus and the adverse action; (5) damages; and (6) causation." *Washington v. Cal. City Corr. Ctr.*, 871 F. Supp. 2d 1010, 1027 (E.D. Cal. 2012). None of these elements require interpretation of, let alone reference to, the CBA. *Shields v. Andeavor Logistics LP*, No. 2:19-cv-04995-JFW-SS, 2019 WL 3453202, at *3 (C.D. Cal. 2019). Instead, these factors require a specific factual inquiry that "pertains to the conduct of the employee and the conduct and motivation of the employer." *Lingle*, 486 U.S. at 407 (holding Illinois state tort of retaliatory discharge was not preempted by Section 301).

Regarding Plaintiff's FEHA claims for failure to provide reasonable accommodations for his disability and failure to engage in the interactive process, Defendant argued that the CBA "covers all the conduct relating to [Plaintiff's] claim of disability discrimination and failure to provide reasonable accommodation." (Doc. 9 at 13.) Specifically, Defendant pointed to Section 9 of the CBA which "outlines the procedures for job transfers and applying for a different position," and "sets forth rules and procedures regarding job transfers for employees who are on 'modified duty.'" (*Id.*)

The Court finds that Plaintiff's FEHA claim for failure to provide reasonable accommodations for his disability is not preemption by Section 301 of the LMRA "because the range of options for accommodating her disabilities are not limited to those identified in the CBA." *Shields*, 2019 WL 3453202, at *2. "FEHA regulations require an employer to consider 'any and all reasonable accommodations of which it is aware or that are brought to its attention by the applicant or employee, except ones that create an undue hardship.'" *Id.*; *see* 2 Cal. Code Regs. § 11068. Therefore, "even if the Court must refer to the CBA to review *some* of the accommodations available to Plaintiff, the CBA remains only 'peripherally relevant' to Plaintiff's claims and mere reference to the CBA does not 'mandate preemption.'" *Id.* (citing *Humble v. Boeing Co.*, 305 F.3d 1004, 1011 (9th Cir. 2002)

(concluding that Plaintiff's reasonable accommodation claim is not preempted); *see also Perez v. Proctor and Gamble Mfg. Co.*, 161 F. Supp. 2d 1110 (E.D. Cal. 2001).³

In evaluating a "FEHA claim for failure to engage in the interactive process, the Court must also engage in a fact-specific inquiry into whether Defendants reasonably accommodated Plaintiff's disability[.] [T]he Court must also perform a fact-specific inquiry into whether Defendants engaged in a good faith interactive process in determining the options available to Plaintiff." *Shields*, 2019 WL 3453202, at *3; *see* 2 Cal. Code Regs. § 11069 (c) (California regulation outlining the fact-specific interactive process obligations of an employer under FEHA).  Therefore, Plaintiff's failure to engage in the interactive process claim would only *potentially* require *reference to*, as opposed to interpretation of, the CBA.  *See Humble*, 305 F.3d at 1010. In sum, Plaintiff's FEHA claims and whistleblower retaliation claim are not preempted by Section 301.

**C.**     **Plaintiff's negligent hiring, supervision, and retention claim is not preempted.**

"State law negligence claims are preempted if the duty relied on is 'created by a [CBA] and without existence independent of the agreement.'" *Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 999 (9th Cir. 2007) (quoting *United Steelworkers v. Rawson*, 495 U.S. 362, 369 (1990)).  Plaintiff does not invoke or refer to any duty arising from the CBA.  Rather, Plaintiff contends that Defendant failed to use reasonable care in supervising, hiring, and retaining his harassers.  (Doc. 1-1, ¶¶ 67–69.)  These negligence claims arise from California common law, "are independent of the CBA[,] and are not preempted by the LMRA." *Hendrix*, 2021 WL 3051979, at *6 (citing *Ward*, 473 F.3d at 998–99).

**D.**     **Plaintiff's wrongful termination of employment in violation of public policy claim is not preempted.**

Defendant argues that Plaintiff's wrongful termination in violation is preempted because it is "completely dependent on interpretation of the CBA." (Doc. 1 at 12.)  Also, the CBA outlines "the right

---

³ In *Perez*, 161 F. Supp.2d 1110, the plaintiff claimed he was constructively discharged in violation of FEHA when his employer failed to accommodate his disability with an alternate position.  The employer argued the claim was preempted by the LMRA because the court would have to interpret the selection guidelines of the CBA to determine whether the plaintiff was eligible for other positions.  *Id.* at 1118.  The district court rejected this argument because the "selection guidelines and the CBA are simply one of several factors for the court to consider in evaluating his claim." *Id.* at 1118-19.  Indeed, "[t]he *meaning* of the selection guidelines are not the subject of dispute. While the analysis of [the employer's] FEHA defense requires the court to *consider* the guidelines, it does not require the court to *interpret* them." *Id.* at 1119.

to discharge employees for just cause, and sets forth the procedure for discharges." (*Id.*)  The Court disagrees.[4]

Plaintiff's wrongful termination claim is not preempted because it furthers a state interest and is based on FEHA and Article I, Section 8 of the California Constitution, the state constitutional prohibition against discrimination.  (*See* Doc. 1-1, ¶¶ 70–75); *see also Young v. Anthony's Fish Grottos, Inc.*, 830 F.2d 993, 1001 (9th Cir. 1987) ("[A wrongful termination in violation of public policy] claim is not preempted if it poses no significant threat to the collective bargaining process and furthers a state interest in protecting the public transcending the employment relationship."); *Brown*, 571 Fed. App'x at 575 (finding a wrongful termination claim premised on FEHA discrimination "further[s] a state interest in preventing workplace discrimination" and "does not require interpretation of the CBA as it focuses on [the employer's] motivations").  The Ninth Circuit agrees: "[t]here is little doubt that California has adopted a public policy against discrimination in the workplace . . . [E]nforcement of the state discrimination statutes would not require interpretation of any of the provisions of the collective bargaining agreement."  *Jackson v. S. Cal. Gas Co.*, 881 F.2d 638, 643–44 (9th Cir. 1989).

Plaintiff's wrongful termination claim is premised on fundamental public policies that prohibit race and disability discrimination and further a state interest in preventing workplace discrimination.  Plaintiff's claim also does not require interpretation of the CBA because it focuses on Defendant's motivations for terminating Plaintiff.  Therefore, Section 301 does not preempt Plaintiff's claim for wrongful termination in violation of public policy.

E. **Plaintiff's intentional infliction of emotional distress claim is not preempted.**

In response to Plaintiff's intentional infliction of emotional distress (IIED) claim, (Doc. 1-1 at ¶¶ 94–98), Defendant argued that Plaintiff's claim cannot "be resolved without interpreting the CBA and the provisions therein that relate to Plaintiff's allegations that 'Defendants' discriminatory, harassing, and retaliatory actions against [him] constituted extreme and outrageous misconduct and caused [him] severe emotional distress.'"  (Doc 1 at 15.)  Defendant also argued "the issue of whether Foster Farms

---

[4] Defendant's argument seems to imply that termination of an employee based only on the employer's discriminatory animus constitute "just cause."  (*See* Doc. 9 at 17.)  Therefore, any termination arising from the employer's discriminatory animus toward an employee's "protected status" can be proper and not "unlawful" or a "violation of public policy."  This argument constitutes a misunderstanding of the laws and principles surrounding wrongful discharge and Section 301 preemption.

engaged in 'extreme and outrageous misconduct' necessarily turns on the actions mandated by the CBA." (*Id.*)  This is incorrect.

According to the Ninth Circuit, under the second prong of the Section 301 preemption analysis, "interpretation" is construed narrowly. *Dent*, 903 F.3d at 1116. "[I]t means something more than 'consider,' 'refer to,' or 'apply." *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 921–22 (9th Cir. 2018). "[A] hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim . . ." *Cramer*, 255 F.3d at 691 (emphasis added). "[R]esolution of a plaintiff's claim must require interpretation of a provision of a collective bargaining agreement, it is not enough that a [CBA] is potentially relevant to the state law claims without any guarantee that interpretation or direct reliance will actually occur." *Dent*, at 1116–17. "Purely factual questions that pertain to the conduct of the employee and the conduct and motivation of the employer will not require an interpretation of a collective bargaining agreement." *Dent*, 903 F.3d at 1017 (citing *Lingle*, 486 U.S. at 407; *Milne Emps. Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1408 (9th Cir. 1992)). Moreover, the Ninth Circuit and the Supreme Court have cautioned Courts to remain mindful that the "LMRA § 301 forum preemption inquiry is not an inquiry into the merits of a claim; it is an inquiry into the claim's 'legal character'— whatever its merits—so as to ensure it is decided in the proper forum." *Schurke*, 898 F.3d at 924 (quoting *Livadas*, 512 U.S. at 123–24). Therefore, the Court's "only job is to decide whether, as pleaded, the claim in this case is 'independent' of the CBA in the sense of 'independent' that matters for preemption purposes: resolution of the state-law claim does not require construing the collective-bargaining agreement.'" *Id.* (quoting *Lingle*, 486 U.S. at 407).

Defendant fails to meaningfully connect the identified CBA provisions to Plaintiff's IIED allegations. *See Cramer*, 255 F.3d at 691–92 ("A creative linkage between the subject matter of the claim and the ... CBA provisions is insufficient [to preempt the claim].")  The provisions that Defendant identified do not permit the outrageous conduct at issue here:  discrimination, harassment, and retaliation based on race. For example, Defendant cited *Busey v. P.W. Supermarkets, Inc.,* 368 F. Supp. 2d 1045 (N.D. Cal. 2005), in its IIED argument and quoted "Ninth Circuit case law provides that the LMRA preempts an intentional infliction of emotional distress claim when the CBA governs the offending behavior." (Doc. 9 at 15.)  Defendant's reliance and citation is somewhat misleading.

11

In *Busey*, the Court distinguished the plaintiff's IIED claims from previous Ninth Circuit cases that held that the plaintiffs' IIED claim was preempted. 368 F. Supp. 2d at 1052–53. For example, in *Cook v. Lindsay Olive Growers*, 911 F.2d 233, 239–40 (9th Cir. 1990), plaintiff's IIED claim was based on "wrongful discharge which was directly based on the CBA terms regulating seniority and work transfers." In *Harris v. Alumax Mill Products, Inc.*, 897 F.2d 400, 400–02 (9th Cir. 1990), and *Hyles v. Mensing*, 849 F.2d 1213, 1216 (9th Cir. 1988), the IIED claims were based on defendant's alleged "failure to follow the terms of the CBA" and "misapplication of its provisions as it relates to how an employee should be discharged." *Id.* at 1052. The Court explained that the CBA "merely states, '[g]rievances on the discharge or suspension of an employee shall be submitted in writing to the Employer within ten (10) working days of the receipt of notice by the Union' [and a] straightforward reading of these terms yields just one interpretation, that is, interpretation of the CBA is required when an employee wishes to challenge the *fact* that he was discharged, rather than the *manner* in which he was discharged.'" *Id.* at 1053. The plaintiff's bases for IIED claims included conduct not covered by provisions of the CBA; therefore, the claims were "unrelated to any interpretation of the CBA." *Id.*

Defendant also cited *Garcia v. Rite Aid Corp.*, No. CV 17–02124 BRO (SK), 2017 WL 1737718 (C.D. Cal. 2017), but again, misconstrued the Court's holding. In *Garcia*, "plaintiff's claims were not only based on his FEHA discrimination, retaliation, and harassment claims but also based on plaintiff's wrongful termination claim that alleged defendants acted outrageously by terminating him because he exercised his right to self-defense and his right to testify at trial." *Garcia*, 2017 WL 1737718, at *7. The Court explained that because plaintiff's IIED claim was based on his allegedly wrongful termination, his IIED claim "partially require[d] CBA interpretation" thereby making the claim partially preempted. *Id.* The Court's analysis did not conclude with partial preemption but continued and clarified that "to the extent Plaintiff alleges that his wrongful termination was based on discriminatory or retaliatory animus it is not preempted. Therefore, whether Defendants acted outrageously (and therefore caused Plaintiff emotional distress) by wrongfully terminating him due to this animus does not require CBA interpretation and this portion of Plaintiff's emotional distress claim arising from his alleged wrongful termination is not preempted." *Id.*

In this case, Plaintiff based his IIED claim on Defendant's alleged "discriminatory, harassing,

12

1  and retaliatory actions" and claimed such conduct constituted "extreme and outrageous misconduct."
2  (Doc. 1-1, ¶ 95.) The Court finds that the CBA does not cover the alleged extreme and outrageous
3  conduct at issue here. Therefore, Plaintiff's IIED claim is not preempted.

### F. Plaintiff's wait time and wage statement claims are not preempted.

The complaint also includes California Labor Code waiting time and wage statement claims. (Doc. 1-1 at ¶¶ 94–98.) Among other things, Plaintiff alleges that he was not paid all the vacation time he was owed upon his termination. (*Id.*, ¶ 15(b).) The notice of removal asserts these claims are preempted by Section 301. (Doc. 1 at 12–13.) Plaintiff argues in his motion to remand that these claims do not require any interpretation of the CBA and therefore are not preempted. (Doc. 6 at 19.) In opposition, Defendant argues that "there is no way to determine these claims without interpretation of the CBA to determine what and in what amount vacation is owed." (*Id.*)

Defendant's argument is not compelling. Though the CBA may need to be *referenced* to calculate vacation time owed, this is not sufficient to trigger Section 301 preemption. The California Supreme Court explained recently that a California wage and hour claim is not preempted by Section 301 merely because CBA terms are "relevant"; rather preemption only applies where the CBA's terms "require interpretation in the narrow sense in which that word is used for preemption purposes." *Melendez v. S.F. Baseball Assocs. LLC*, 7 Cal. 5th 1, 12–13 (2019). Notably, the parties there had not identified any provision of the CBA that was "ambiguous." *Id*. Here, even assuming the CBA will need to be referenced to calculate whether vacation time was owed, there is no indication in the present record that the Court would need to *interpret* any CBA provision to do so. Defendant has failed to meet its burden to establish removal jurisdiction based on preemption of this claim.

### V. CONCLUSION

Defendant has failed to show that any provision of the CBA will need to be interpreted based on the nature of Plaintiff's claims. Therefore, Section 301 preemption does not apply. Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to remand (Doc. 6) is **GRANTED**.

///

///

///

    2. Pursuant to 28 U.S.C. § 1447(c), this case is **REMANDED** to the Merced County Superior Court.

IT IS SO ORDERED.

Dated: **January 24, 2024**

                                                           UNITED STATES DISTRICT JUDGE